1 Joseph C. Rosenblit
Law Offices of Joseph C. Rosenblit
2  33801 Avenida Calita
San Juan Capistrano, CA 92675
3 Phone:  (949) 412-6666
4 Fax Number:  (949) 312-2090
Email:  rosenblitlawyer@gmail.com

KYLE ASH, Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT CALIFORNIA**

| | |
|---|---|
| In Re: | Case No. 21-20922-FEC |
| KYLE ASH, | **ADVERSERY COMPLAINT** |
| Debtor. | **Judge:  Hon. Fredrick E. Clement** |
| | **Department:  Courtroom 28** |
| KYLE ASH, | |
| Plaintiff, | |
| vs | |
| CHIGBU & CO., LLP, JOHN NKEM CHIGBU, JACOB DURAN, JESSE DURAN, D&D REIT, INC., ACM INVESTORS, INC., BRUCE FONAROW, IRA SERVICES TRUST COMPANY, CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA, PHILIP AYERS BROWNING, individually and as TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST, ALAN RAZNICK AND NANCY G. RAZNICK, individually and as, TRUSTEES OF THE RAZNICK FAMILY TRUST, AND CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, ITS SUCCESSORS AND/OR ASSIGNEES, | |
| Defendants. | |

- 1 -
**ADVERSERY COMPLAINT**

Plaintiff Kyle Ash ("Ash") alleges upon knowledge as to himself and his own conduct, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. Ash seeks to enforce his right to contractual indemnification for liabilities, losses, damages, claims, judgments and any other costs, fees and expenses incurred because of Defendants OHN NKEM CHIGBU, JACOB DURAN, D&D REIT, INC., CHIGBU & CO., LLP, ACM INVESTORS, INC.and BRUCE FONAROW representations, warranties, obligations, and/or covenants and/or for which Ash incurred liability due to Defendants OHN NKEM CHIGBU, JACOB DURAN, D&D REIT, INC., CHIGBU & CO., LLP, ACM INVESTORS, INC. and BRUCE FONAROW 's acts, failures to act and/or omissions (the "Unpaid Loan").

2. Ash also seeks to obtain declaratory relief as to his status and rights as against OHN NKEM CHIGBU, JACOB DURAN, D&D REIT, INC., CHIGBU & CO., LLP, JESSE DURAN and to obtain an accounting on the Unpaid Loan taken out against his property referred to as Lot 18, as shown on that certain Map entitled, Glenbrook Hills, Vacaville, Solano County, California, filed for record April 24, 1958, in Book 18 of Maps at Page 6, Solano County Records. APN: 0125-235-29, addressed as 531 Westwood Court, Vacaville, CA 95688 ("Subject Property") by D&D REIT, INC. and signed for by defendant JACOB DURAN as well as all other loans made by Ash to D&D REIT, INC.

3.Ash additionally seeks preliminary injunctive relief to prevent defendants ACM INVESTORS, INC., BRUCE FONAROW,IRA SERVICES TRUST COMPANY, CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA, PHILIP AYERS BROWNING, TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST, ALAN RAZNICK AND NANCY G. RAZNICK, TRUSTEE OF THE RAZNICK FAMILY TRUST, AND CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, ITS SUCCESSORS AND/OR ASSIGNEES, ("ACM et al.")

1 from foreclosing on the note that they own or are servicing for the Unpaid Loan on the
2 Subject Property which is the basis of the Ash Bankruptcy.

3 4. By this action, Ash seeks to recover money damages from Defendants for the indemnification claim, declaratory relief for the shareholder claim and injunctive relief for the claims related to the foreclosure on the Subject Property. Ash further seeks damages from certain of the defendants for fraud and conversion for taking monies borrowed against the subject property by means of deceit.

**PARTIES**

5. On March 16, 2021, plaintiff filed a voluntary chapter 13 bankruptcy with this court.

6. Defendant CHIGBU & CO., LLP, is an entity that is organized in and does business within the State of California and is an alter ego for John Nkem Chigbu.

7. Defendant John Nkem Chigbu is an individual who resides and does business in and around the Oakland and San Francisco areas of the State of California.

8. Defendant Jacob Duran is an individual who resides and does business in and around the area of the State of California over which this court has jurisdiction.

9. Defendant Jesse Duran is an individual who resides and does business in and around the area of the State of California over which this court has jurisdiction and is a board member of D&D REIT, INC..

10. D&D REIT, INC., is an entity that is organized in and does business within the State of California.

11. Defendant ACM INVESTORS, INC. is an entity that is organized in and does business within the State of California.

12. Defendant Bruce Fonarow is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction and is the person who created ACM INVESTORS, INC.

13. Defendant IRA SERVICES TRUST COMPANY . is an entity that is organized in and does business within the State of California.

14. Custodian Fbo, David William Bullmann, is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction.

15. Defendant IRA is an entity that is organized in and does business within the State of California.

16. Defendant Phillip Ayers Browning is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction.

17. Defendant THE PHILIP BROWNING 2014 REVOCABLE TRUST is an entity that is organized in and does business within the State of California.

18. Defendant Alan Raznick , is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction.

19. Defendant Nancy G. Raznick , is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction.

20. Defendant THE RAZNICK FAMILY TRUST is an entity that is organized in and does business within the State of California.

21. Defendant CARLIE BERKE FAMILY TRUST is an entity that is organized in and does business within the State of California.

22. Defendant CARLIE P. HEADPOL is an individual who resides and/or does business in and around the area of the State of California over which this court has jurisdiction.

///

- 4 -
**ADVERSERY COMPLAINT**

## JURISDICTION AND VENUE

23. This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

24. This Court has subject-matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and as the matter has a close nexus with the Plan.

25. Venue is proper under 28 U.S.C. §§ 157(a), 1391, 1408, and 1409 because the claims arise out of pre-petition contracts and are asserted as part of the administration and execution of payments related to the subject property as set forth in the Plan, and because a substantial part of the acts or omissions giving rise to the claims occurred within the district, including the underlying agreements and loan transactions, and because the loss was suffered within the district.

26. This Court has personal jurisdiction over Defendants under Rule 7004(f) of the Bankruptcy Rules. In addition, this Court has personal jurisdiction over Defendants because Defendants are organized in and do business within the United States, and because the transactions giving rise to this controversy occurred in the United States.

## FACTUAL BACKGROUND

27. Prior to the commencement of this case plaintiff Kyle Ash, a veteran who had fought in foreign wars and had been a fire fighter had the good fortune to inherit certain real properties including the subject property from his grandfather. The level of Ash's good fortune did not rise to that of his business acumen. When it came to business dealings he was, in fact, naïve and trusting of those he considered to be friends. One such "friend" was defendant Jacob Duran.

28. Jacob told Kyle that he knew a great attorney who specialized in the

kind of asset guidance that Kyle needed. Jacob introduced Kyle to defendant John Chigbu who confirmed that he could save and even make money for Kyle through techniques and strategies that would produce great benefits to Kyle.

29. One of these strategies engineered by Chigbu was the formation of a business enterprise with defendants Chigbu, Chigbu & Co., and Jacob Duran. And on June 7, 2018, Chigbu filed a Statement of Information with the Secretary of State of California wherein it was declared that D&D REIT, INC.'s (herein D&D) chief executive officer was Jacob Duran, and its Secretary and Chief Financial Officer was John Chigbu. Plaintiff was identified as a non-designated officer or director.

30. Kyle Ash entered into a Property Contribution Agreement with D&D on February 14th, 2018 (true copy attached as Exhibit 1). He transferred ownership of 5 properties that he and his grandfather owned for a 10% share in D&D. Ash was told by Chigbu that he was contributing his properties to make D&D appear financially strong with his properties as assets, an explanation made to him by Chigbu which Ash reasonably believed.

31. In the Property Contribution Agreement there is a statement that D&D can borrow against the properties. The Agreement states: "Parties agree that even though the company may borrow against the properties it may not sell the properties". In the Contribution Agreement D&D assumes all obligations of the properties

32. Section 4 of the Property Contribution Agreement states that D&D is responsible for the maintenance of the properties.
- 6 -
**ADVERSERY COMPLAINT**

33. On or around June 19, 2018 Chigbu emailed an intent to borrow against the properties that plaintiff had transferred to D&D.

34. Plaintiff stated in an email to John Chigbu on 7/21/2018 that he did not want a loan to be taken out against his properties.

35. On 7/22/2018 Chigbu emailed that he would cancel the loan.

36. On or about July 24, 2018, D&D obtained a deed of Trust /Promissory Note for $266,500.00 signed by Jacob Duran as Chief Executive Officer of D&D Reit.

37. On July 24, 2018, a Deed of Trust was Recorded in favor of D&D Reit for the subject property. On the same day July 24, 2018 D&D assigned the deed to ACM Investor Services, Inc. (herein "ACM")[12]

38. Kyle Ash responded with an email dated August 7th 2018 that he wanted the loan to be sent back and stated he was pulling out of the company.

39. On August 7th, 2018, John Chigbu responded and sent an email to Ash stating that the loan was funded. However, John Chigbu stated that the current Loan would be paid back before it accrued any interest.

40. On November 21, 2018 ACM assigned the Deed of Trust/Promissory Note on the subject property to defendants IRA SERVICES TRUST COMPANY,

---

[1] ACM founder Bruce Fonarow has a unique relationship with John Chigbu which includes getting Chinese investors to buy properties involved in marijuana cultivation. One such property was seized for the interstate growth and distribution of marijuana and although ACM was identified as having an interest in the seized property, Bruce Fonarow stepped up as the claimant in the case.

[2] Noteworthy is that at least two of the grantees in this transaction were employees of ACM and that many of these grantees have a history going back to 2015 of being ACM grantees even on a few other D&D properties

- 7 -
**ADVERSERY COMPLAINT**

CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA, PHILIP AYERS BROWNING, individually and as TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST, ALAN RAZNICK AND NANCY G. RAZNICK, individually and as, TRUSTEES OF THE RAZNICK FAMILY TRUST, AND CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, ITS SUCCESSORS AND/OR ASSIGNEES, (herein referred to as the "Investors").

41. On the 30th of May 2019 D&D grant deeded the subject property back to Kyle Ash and his grandfather. However, D&D had obtained the loan of $266,500 on July 24th of 2018 and Grant Deeded the property back to Kyle Ash without making a single payment on the note.

42. On July 25,2019 Jacob Duran received a letter from ACM that the insurance policy was not current. D&D was not paying the property insurance on the Westwood property as well as not making the mortgage payments.

43. On December 27,2019 Kyle Ash sent an email to Khulan Byambaa an employee of John Chigbu asking why D&D had not paid the supplemental tax fee on the Westwood property.

44. ACM and the Investors waited some fourteen months without receiving a single payment on the promissory note on the subject property.[3]

45. On November 10,2020, a Substitution of Trustee was filed. ACM[4]

---

[3] Why would a hard money lender wait 14 months to foreclose?

[4] ACM is currently embroiled as a defendant in an adversary proceeding in the Bankruptcy Court of the Southern District of New York in which deceit upon investor Lehman Brothers is the gravamen of the action.

**ADVERSERY COMPLAINT**

Investors assigned the property over to Extra Default Solutions, LLC. Extra Default Solutions LLC is a company that files "Notice of Default" documents. On that same day, a Notice of Default was filed against D&D Reit for nonpayment of the note on the subject property in the amount of $282,765.72. This "NOD" incorporated $16,265.72 in late fees at that time. The "borrower" on the *Declaration of Mortgage Servicer* is D&D Reit , a California Corporation, not Kyle Ash.

46. A Notice of Trustee's Sale was recorded against D&D Reit for $296,333.80 with an original sale date of 3/17/2021.

## FIRST CLAIM FOR RELIEF

### (Contractual Indemnification)

47. Ash hereby incorporates by reference the allegations set forth above as though fully set forth herein.

48. The Property Contribution Agreement is a valid and enforceable contract that is binding upon Defendants CHIGBU & CO., LLP, JOHN NKEM CHIGBU, JACOB DURAN, JESSE DURAN, D&D REIT, INC.

49. Ash has performed all his obligations under the Property Contribution Agreement.

50. Defendants owe Ash indemnity for its liabilities, losses, claims, attorneys' fees, judgments and any other costs, fees, and expenses as to the unpaid loans associated with all deeds of trust taken against the subject property.

51. Defendants' breaches of the Property Contribution Agreement and other acts and/or omissions as to the related loans resulted in Ash incurring liability

and/or losses in an amount to be determined at trial, plus prejudgment interest pursuant to California law, attorneys' fees, litigation costs, and all other fees and costs provided by law.

## SECOND CLAIM FOR RELIEF

### (Accounting)

52.　Ash hereby incorporates by reference the allegations set forth above as though fully set forth herein.

53.　D&D received $266,500.00 when it took out a loan against the subject property. D&D further received a loan from Ash in the amount of $65,000.00.

54.　Defendants JOHN NKEM CHIGBU, JACOB DURAN, JESSE DURAN, are corporate officers of D&D and all have a fiduciary duty to Ash who at the time that loans were made and taken out against the subject property was a shareholder in the corporation.

55.　Although Ash's current status as a shareholder is unknown since his withdrawal from the corporation was contingent upon the corporation paying back all the loans he had made he is still entitled to all knowledge of how and where funds of approximately $331,500.00 have been disbursed.

56.　Ash seeks an accounting of all unpaid loans made to D&D.

57.　Ash seeks this courts declaratory relief that he is entitled by contract and equity to the restoration of those monies.

58.　Ash is entitled to be awarded damages for his losses in an amount

to be determined at trial, plus prejudgment interest pursuant to California law, attorneys' fees, litigation costs, and all other fees and costs provided by law.

### THIRD CLAIM FOR RELIEF

### (Preliminary Injunctive Relief)

59. Ash hereby incorporates by reference the allegations set forth above as though fully set forth herein.

60. Currently defendants ACM INVESTORS, INC., BRUCE FONAROW, IRA SERVICES TRUST COMPANY, CUSTODIAN FBO, DAVID WILLIAM BULLMANN, IRA, PHILIP AYERS BROWNING, individually and as TRUSTEE OF THE PHILIP BROWNING 2014 REVOCABLE TRUST, ALAN RAZNICK AND NANCY G. RAZNICK, individually and as, TRUSTEES OF THE RAZNICK FAMILY TRUST, AND CARLIE BERKE FAMILY TRUST, CARLIE P. HEADPOL, TRUSTEE, ITS SUCCESSORS AND/OR ASSIGNEES, stand ready to foreclose on the subject property.

61. Plaintiff does not deny defendants whatever legal rights they have to repayment of the funds lent on the subject property. However there are circumstances that must be understood through the legal process in order to ferret out the rights and responsibilities of the respective parties.[5]

62. Taking plaintiff's allegations regarding D&D and its officers conduct

---

[5] It begs explanation as how ACM was able to sell a loan in which no payments had been made for at least 10 months. Furthermore why was it that other ACM/D&D deeds of trust had been fully paid while the subject property's loan went delinquent immediately while it was titled back to plaintiff who was unaware that no payments had been made.

- 11 -
**ADVERSERY COMPLAINT**

Ash will prevail on the merits of this underlying action. He was deceived out of his money by those who made a deal with a hard money lender who has a history of deceitful practices.

63. Should a preliminary injunction not issue Ash is in real danger of losing his property and being punished for the sins of others. He would be irreperably harmed.

64. On balance the potential hardship would fall almost exclusively upon the shoulders of Ash. The investors waited fourteen months before deciding to foreclose. That demonstrates their facility for waiting until this system of justice makes its findings.

65. Given the above plaintiff asks this court to enjoin defendants from taking any futher steps to foreclose on the subject property until such time as the finder of fact can make judgment.

PRAYER FOR RELIEF WHEREFORE, Ash respectfully requests that this Court enter judgment in its favor and against Defendants: a) For all damages arising from or relating to the obligations of Defendants under the provisions of the Property Contribution Agreement and any other loans made, in an amount to be determined at trial; b) For recoverable interest; c) For the costs and expenses incurred by Ash in enforcing the obligations of Defendants under the Agreements, including attorneys' fees and costs and any expert witness fees incurred in litigation; and d) Providing for such other relief as the Court deems just and proper

DATED: June 17, 2021            *JOSEPH C. ROSENBLIT*